# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Don Campbell #2003-0030630, )
                    Plaintiff, )
                                     )
v.                                     )     Case No. 04 C 7545
                                     )
City of Chicago, et al.,        )     Judge Ronald Guzmán
                                     )
                 Defendants. )

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Don Campbell, currently incarcerated at the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C.§ 1983. He claims that the defendants, the City of Chicago and police officer O'Brien, violated his constitutional rights by using excessive force against him, and falsely arresting him. He further claims that the City has a policy of writing false police reports to support arrests without probable cause. Defendant City of Chicago has filed a previous motion to dismiss which was denied on June 20, 2005. Then defendant O'Brien filed a motion to dismiss which was denied on July 12, 2005. Then the city filed a renewed motion to dismiss to which plaintiff has responded and defendant has replied. Defendant O'Brien takes no part in this motion. For the reasons stated in this order, the motion is granted in part and denied in part.

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford*

1

*v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

**Background**

Plaintiff alleges that on November 20, 2002, he was arrested by Detective O'Brien, a Chicago police officer, who ran up to Plaintiff, pointed his gun in Plaintiff's face, pushed him against a wall, and began questioning Plaintiff and his two female companions regarding a heroin transaction. Although Plaintiff states that they found only Doan's pain pills in his pockets, in their police report they wrote that Plaintiff dropped heroin on the ground. At his preliminary hearing the state's attorney dropped charges against Plaintiff because the lab report showed that he didn't have drugs, and did indeed have Doan's pain pills. Plaintiff further claims that the City

has a policy of having the police officers write false police reports, and that Defendant O'Brien was motivated to arrest Plaintiff by racial prejudice, because Plaintiff is black and the two women he was with at the time of arrest were white. He claims he was in jail for 28 days due to this false arrest. He seeks compensatory and punitive damages for federal claims of false arrest and " excessive incarceration." (Comp. p. 7). He further states that he filed a "notice of claim indicating an intent to seek damages" (Comp. p. 2) with the state of Illinois about one month after the incident, and also seeks damages for malicious prosecution, a state law claim.

In the City's renewed motion to dismiss, it claims that the City cannot be assessed punitive damages, that the pendent state claims are time-barred, and that the court misread their prior motion to dismiss regarding the statute of limitations issue. They do not seek dismissal of the city on the police policy claim, because they state that Plaintiff does state a claim regarding false arrest policy; however the city does seek dismissal of any policy claims related to any other legal claims .

## DISCUSSION

### Pendent state law claims

Although defendants state that Plaintiff has alleged pendent state law claims, Plaintiff's only reference to such state law claims is his statement that he is suing for "violations of federal and state of Illinois constitutional rights or equal protection, due process and substantive due process of law rights." Defendants state that Plaintiff "appears to bring state law tort claims of assault and battery, false imprisonment and malicious prosecution." Although Plaintiff states that he brings these claims are part of his complaint, he never clearly states that he also brings these claims as pendent state claims. It is unclear from this *pro se* complaint whether or not

3

Plaintiff actually brings such claims. Plaintiff includes in his complaint the statement that on December 18, 2002, he filed an "intent to seek damages" with the Illinois Attorney General's office. The court has nothing further about this. Thus defendants may be correct that he considers all of his claims both state and federal claims, but at this juncture the court does not have sufficient information, based on the complaint alone, to make this determination. Further, such "apparent" claims may or may not be time-barred, given that Plaintiff states that he filed a notice of intent to sue with the state within the state statutory period. Without evidence on this issue, the court does not have before it sufficient facts to rule as a matter of law that Plaintiff's state law claims are time barred.

## Plaintiff's federal claim for malicious prosecution

However, Plaintiff's federal claim for malicious prosecution can be dismissed. "A Plaintiff therefore may not state a § 1983 claim simply by alleging that he was maliciously prosecuted. Instead, he must allege the violation of one of his constitutional rights, such as the right to a fair trial." *Penn v. Harris*, 296 F. 3d 573, 576 (7th Cir. 2002). Having failed to do this, therefore, Plaintiff's federal claim for malicious prosecution is dismissed. *Newsome v. McCabe*, 256 F. 3d 747, 750-51 (7th Cir. 2001)[1].

## Punitive damages against the city

Defendant city is correct that punitive damages cannot be awarded against it. Therefore, to the extent that Plaintiff seeks punitive damages against defendant City of Chicago, such claims

---

[1] Defendants' citation to this case refers to the wrong case; it was the earlier *Newsome v. McCabe*, as cited by the court above, that is the correct citation to the malicious prosecution issue. The case cited by defendants is the appeal after trial, and deals with immunity and expert testimony issues.

are stricken from the complaint. *Bell v. City of Milwaukee,* 756 F. 2d 1205, 1269-70 (7th Cir. 1984)( *reversed on other grounds, Russ v. Watts,* 414 F. 3d 783 (7th Cir. 2005).

### Claims against the city related to policy and to indemnification

The city is also correct to note that Plaintiff's complaint alleges policy issues only with regard to the false arrest reporting. This claim is not challenged in the city's motion.

However, additionally, Plaintiff suggests that the city is vicariously liable for all individual claims as well. As the Seventh Circuit outlined in *Arlotta v. Bradley Center and the City of Milwaukee,* 349 F. 3d 517, 520 (7th Cir. 2003):

> To state a 1983 claim against a municipality, a complaint must allege that a constitutional deprivation was caused by an official policy or custom. In *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978) the Court emphasized that "[A] local government may not be sued under 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom...inflicts the injury that the government as an entity is responsible under 1983. *Id.* at 694. Significantly, a Plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *McNabola v. Chicago Transit. Auth.,* 10 F. 3d 501, 510 (7th Cir. 1993). The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002).

The only policy claim asserted is for false arrest. Therefore, claims against the city for vicarious liability as to other subject matter are dismissed. However, the court notes that the city is required to indemnify police officers by statute, 745 ILCS 10/9-102. *See Wilson v. City of*

5

*Chicago*, 120 F. 3 d 681 (7th Cir. 1997).

## CONCLUSION

It is therefore ordered that the renewed motion to dismiss is granted in part and denied in part. [39]. Any state law claims remain in the case. The court makes no determination regarding them. Plaintiff's federal claim for malicious prosecution is dismissed. Defendant city of Chicago remains in the case only on the claims related to a policy of false arrest. Any pending motions are denied as moot.

ENTER:

Ronald Guzmán
UNITED STATES DISTRICT COURT

DATED: 9/19/05